RICHARD I. STEIBER, ADMINISTRATOR (ESTATE OF JOSEPH GRAHAM) *v.* CITY OF BRIDGEPORT ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 13—decided June 17, 1958

*James V. Joy, Jr.,* with whom was *John H. Shannon,* for the appellant (plaintiff).

*James J. Maher,* with whom, on the brief, was *Adrian W. Maher,* for the appellee (defendant Platt and Company), and with whom were *Hugh C. Curran* and, on the brief, *John J. McGuinness,* for the appellee (named defendant).

MELLITZ, J. This action was brought to recover damages from the city of Bridgeport and Platt and Company, an abutting owner, for injuries sustained by the plaintiff's decedent as a result of a fall on a public sidewalk. The decedent fell on a cellar door or hatchway, owned by Platt and Company, which was located on the sidewalk and was alleged to be dangerously slippery when wet. He fell about 10 p.m. on December 23, 1947, during a snowstorm

which had started about 6:10 o'clock that morning and which continued until December 25. The cellar door or hatchway was repaired sometime later, but there was no evidence of the date of the repairs.

The only question involved in this appeal is a ruling on evidence. To establish the dangerous condition of the sidewalk and notice thereof, the plaintiff presented as an expert witness an engineer who inspected the sidewalk and hatchway for the first time about three and one-half months after the decedent's fall. The plaintiff proposed to show through this witness that the condition of danger must have existed for a considerable period of time. The witness was asked a series of questions relating to the conditions he found at the time of his inspection. The court excluded the questions on the ground of remoteness and lack of proof that the conditions observed by the witness were substantially the same as those existing at the time the decedent fell. The court concluded further that there was no proof that the cellar door was, at the time of inspection by the witness, in the same condition as it was in at the time of the fall or that it was the same cellar door.

The plaintiff cites and relies on two cases. They do not support his position. In *Reynolds* v. *Land Mortgage & Title Co.,* 114 Conn. 447, 159 A. 282, the court in the exercise of its discretion permitted expert witnesses to testify to conditions they found some two months after the accident. The opinion in the case (p. 451) points out that counsel did not seriously claim that there had been a material change in conditions prior to the examinations of the experts. In *Wray* v. *Fairfield Amusement Co.,* 126 Conn. 221, 224, 10 A.2d 600, we held it to be an abuse of discretion for the court to refuse to permit a clearly qualified expert to testify to a relevant fact

which was within his knowledge, in answer to a question which incorporated certain described conditions. Here *the interrogation of the witness never reached that stage.* He was not asked to testify on the basis of conditions described to him. He was being interrogated about the conditions he himself found when he made his inspection more than three months after the episode. Whether the conditions at that time were substantially the same as at the time of the incident involved in the suit was earnestly disputed. No offer was made to connect his testimony with evidence to be presented subsequently to show that there had been no material change in conditions. The court made it clear that it was excluding the testimony on the ground of a change in conditions and remoteness. Without a showing or an offer to show that there had been no material change in conditions, especially in view of the evidence that repairs of some kind were made to the cellar door at an unspecified time subsequent to the accident, the testimony sought from the witness had no relevancy. Had an offer been made of further proof that the conditions had remained substantially unchanged, a different situation would have been presented. It would have been well within the court's discretion to admit the testimony subject to such later proof. *Jackiewicz* v. *United Illuminating Co.,* 106 Conn. 302, 308, 138 A. 147; *Knox* v. *Binkoski,* 99 Conn. 582, 586, 122 A. 400. A trial court has wide discretion as to the allowance of questions involving relevancy and remoteness. *Morico* v. *Cox,* 134 Conn. 218, 224, 56 A.2d 522; *State* v. *Kelly,* 77 Conn. 266, 269, 58 A. 705. It has a choice between demanding proof of connecting or preliminary facts before deciding the question of relevancy and admitting the testimony on the statement of counsel that he expects to show relevancy by

other facts. 1 Jones, Evidence (4th Ed.) p. 307. Here the court was not called upon to make a choice.

The plaintiff was apparently seeking to present a claim that the surface of the cellar door was worn down from long use and consequently became dangerously slippery when moisture such as snow was superimposed upon it. This condition of the cellar door, in the plaintiff's view, presented aspects of a more or less permanent nature, and it was apparently the existence of such a condition that the plaintiff sought to establish through his expert witness. The defendants, on the other hand, appeared to have in mind primarily the fact that the decedent's fall occurred during a snowstorm, that evidence bearing upon the condition of the sidewalk would have no relevancy unless it included and took into account the fact of the existence of a heavy fall of snow, and that such evidence would, therefore, involve a situation transitory and impermanent in nature. In the light of these conflicting points of view, the court was fully warranted in its ruling calling for proof of connecting facts before receiving the testimony of the witness. Testimony of conditions after the happening of an event is relevant to show conditions at the time of the event if the conditions are of such a permanent character that a lapse of time would not make a material difference; but where the situation is transitory in nature, such evidence should not be admitted without proof, at some point, of the similarity of conditions. *Esposito* v. *Hospital of St. Raphael,* 142 Conn. 95, 98, 111 A.2d 545; *Johnson* v. *Charles William Palomba Co.,* 114 Conn. 108, 114, 157 A. 902. Particularly in view of the evidence that repairs were made to the cellar door sometime after the accident, the court was justified, in the absence of further explanation, in exclud-

ing the testimony offered as speculative and remote. *Graybill* v. *Plant,* 138 Conn. 397, 404, 85 A.2d 238.

There is no error.

In this opinion the other judges concurred.