STATE OF CONNECTICUT *v.* JOHN KEATING

STATE OF CONNECTICUT *v.* VINCENT JOSEPH

KING, C. J., MURPHY, ALCORN, HOUSE and BOGDANSKI, Js.

Argued April 15—decided May 5, 1964

*Joseph F. Skelley, Jr.,* special public defender, for the appellant (defendant Keating).

*Donald J. Cantor,* with whom, on the brief, were *Richard S. Levin* and *Jacob A. Saxe,* for the appellant (defendant Joseph).

*George D. Stoughton,* assistant state's attorney, with whom, on the brief, was *John D. LaBelle,* state's attorney, for the appellee (state).

House, J. John Keating and Vincent Joseph, the appellants in these two cases, were tried with Armand Lupo, Roland Arvisais, and Augustine Prete by a jury on a short-form information,

authorized by Practice Book, 1963, § 493, charging that they and others conspired to obtain money by false pretenses. The offense was not otherwise specified except that each of them "did combine, confederate and agree with one another, and with others to said [the State's] Attorney unknown, to obtain money by false pretenses, in violation of Section 53-360 of the General Statutes, Revision of 1958; and in pursuance of said conspiracy one or more of said conspirators did do certain acts in furtherance of said combination, confederation and agreement, all in violation of Section 54-197 of the General Statutes, Revision of 1958." George Kania, another alleged conspirator, pleaded guilty and testified for the state. The jury returned a verdict of guilty as to each of the appellants and Lupo and Arvisais but not guilty as to Prete. Motions to set aside the verdict filed by each of the appellants were denied by the court, and they have appealed. Each has assigned as error the court's denial of his motion to set aside the verdict on the ground that it was fatally inconsistent as a matter of law. The common assignment of error presents the same question and will be first examined before consideration of Joseph's additional assignment of error as to rulings on evidence.

It is the claim of the appellants that the alleged conspiracy involved an agreement between all the accused conspirators whereby a milk truck driven by Prete would collide with an automobile in which the others were riding, whereupon fraudulent claims of injuries would be presented to collect insurance. It is the contention of the appellants that in such a conspiracy a verdict of guilty in the case of the appellants and not guilty in the case of Prete is fatally inconsistent as a matter of law.

This court can decide the merits of an appeal only on the record as it is presented. *Cohn* v. *Mt. Zion Baptist Church,* 130 Conn. 362, 366, 34 A.2d 129. Upon the common assignment of error claimed, the sole question presented is whether the verdict as rendered is inconsistent as a matter of law. That assignment advanced no claim that the verdict was not supported by the evidence, as was claimed in *Smith* v. *Housing Authority,* 144 Conn. 13, 14, 127 A.2d 45, but nevertheless the briefs of both the appellants and the state argue inconsistency as a question of fact and refer to the evidence offered at the trial. On this issue, there is no appendix containing the evidence relied on in the briefs. Any portion of a transcript of evidence which a party desires this court to consider must be printed or stated in narrative form in an appendix to the brief. Practice Book, 1963, §§ 716, 718, 720-22; *State* v. *Pundy,* 147 Conn. 7, 9, 156 A.2d 193; *State* v. *Mendill,* 141 Conn. 360, 361, 106 A.2d 178; *Marciniak* v. *Wauregan Mills, Inc.,* 139 Conn. 264, 267, 93 A.2d 135; Maltbie, Conn. App. Proc. § 331. A ruling on a motion to set aside a verdict is tested by the evidence and not by the finding. *State* v. *Devine,* 149 Conn. 640, 654, 183 A.2d 612; Maltbie, Conn. App. Proc. § 185, p. 227. In the absence of any appendix containing relevant evidence, we have no factual basis on which to test the decision of the trial court in denying the motions to set aside the verdict. Without such evidence there is nothing in the record from which this court can determine whether or not the verdict was inconsistent as a matter of fact. Hence, we have no occasion to consider the rationale of the court's memorandum of decision or the rule of such cases as *United States* v. *Austin-Bagley Corporation,* 31 F.2d 229 (2d Cir.), cert. denied, 279 U.S. 863, 49

S. Ct. 479, 73 L. Ed. 1002, which is attacked by the appellants and relied on by the state.

Strictly as a matter of law on the record, there is no inconsistency in the verdict. In testing the verdict for inconsistency as a matter of law, we are necessarily limited to an examination of the offense charged in the information and the verdict rendered thereon without regard to what evidence the jury had for consideration. The information alleges a general conspiracy among six named persons, who allegedly agreed with one another and with others unknown to obtain money by false pretenses. There is nothing in the information to indicate that the acquittal of any one or more of the persons accused is inconsistent with a finding of guilt on the part of another accused. Accordingly, we find no error in the denial of the motions of these two defendants to set the verdict aside on the ground that it was inconsistent. Since this is the sole ground of appeal in the Keating case, the judgment as to Keating is affirmed.

Joseph has also attempted to attack certain evidential rulings by the trial court. The question is not correctly raised inasmuch as there is no proper assignment of error. Joseph's second assignment of error states that the court erred "in admitting testimony of the defendant despite proper objection and exception" as stated in three paragraphs of the finding. These three paragraphs merely recite certain facts which the state claimed to have proved in part by the contested introduction of certain evidence. Practice Book, 1963, § 648 provides that when error is claimed in rulings on evidence the draft finding and finding shall state in each instance, in a separate paragraph, the question, the objection, the answer, if any, and the exception. An

assignment of error on an evidential ruling should refer to such a finding. Practice Book, 1963, § 651. There has not been a compliance with these rules.

Subsequent to the filing of the assignment of errors, the trial court corrected the finding so that the added paragraphs properly set out, as suggested by Practice Book, 1963, § 648, the portion of the transcript necessary to review a ruling on evidence. Joseph did not, however, assign as error the evidential rulings recited in these paragraphs. If he intended to attack these rulings, then, after the finding was corrected, he should have amended his assignments of error in order to attack the contested rulings on evidence in the added paragraphs. Practice Book, 1963, §§ 626, 636, 710; Maltbie, Conn. App. Proc. § 177.

Notwithstanding this state of the record, it does appear that Joseph intended to contest in this appeal the admissibility of certain questions directed to him on cross-examination and designed to impeach his credibility. This portion of the cross-examination is recited in a paragraph of the corrected finding as to which, however, no assignment of error is made. We will do no more than to note that it is proper to attack a witness' credibility by evidence of his materially inconsistent statements. *State* v. *Walters,* 145 Conn. 60, 66, 138 A.2d 786. Also, once a defendant in a criminal case has taken the stand, he subjects himself to the risk of impeachment. *State* v. *Reid,* 146 Conn. 227, 232, 149 A.2d 698. A trial court has wide discretion both as to the allowance of questions involving relevancy and remoteness and as to the scope of cross-examination to show contradictory statements. *Steiber* v. *Bridgeport,* 145 Conn. 363, 366, 143 A.2d 434; *Eamiello* v. *Piscitelli,* 133 Conn. 360, 370, 51

A.2d 912; *State* v. *Kelly*, 77 Conn. 266, 269, 58 A. 705. It does not appear that there was any abuse of such discretion in this instance.

There is no error in either case.

In this opinion the other judges concurred.