**William E. HUMPHREY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4304.**

District of Columbia Court of Appeals.

Submitted Oct. 2, 1967.

Decided Dec. 27, 1967.

---

William J. Garber, Washington, D. C., for appellant.

David G. Bress, U. S. Atty., Frank Q. Nebeker, Franklin S. Bonem and Arthur L. Burnett, Asst. U. S. Attys., for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

HOOD, Chief Judge:

Appellant was convicted of unlawful entry[1] and of taking property without right.[2] He claims three errors.

■ First, it is contended there was error in allowing for impeachment purposes, after appellant had taken the stand, testimony by appellant at a pretrial motion to dismiss. Reliance is placed on Pyles v. United States, 124 U.S.App.D.C. 129, 362 F.2d 959, cert. denied, 385 U.S. 994, 87 S.Ct. 608, 17 L.Ed.2d 453 (1966), but we fail to see the relevancy of that case to the present one. We think this case is governed by Woody v. United States, D.C. Cir., 379 F.2d 130 (1967), and that the testimony was properly admitted for impeachment purposes.

■ Second, it is claimed there was error in not allowing appellant to testify to his history of the use of alcohol when his defense was intoxication. Appellant's testimony was that he was so intoxicated at the time of the occurrence he could not recall any of the events. While the court would not permit appellant to give his entire life history of intoxication, it did permit him to testify that he had been on a drinking spree for three weeks prior to the occurrence and had been drinking every day during that period, and he was allowed to tell in detail the amounts and kinds of liquor he had consumed the night before and the day of the occurrence. Appellant was given ample leeway to present and develop his defense of intoxication.

■ The third claim of error is that the trial court erroneously instructed the jury that the offense of larceny from interstate commerce,[3] for which offense appellant was charged, included the lesser offense of taking property without right,[4] an offense for which he was not charged. As the sentence for taking property without right ran concurrently with the sentence for unlawful entry, we need not consider this claim of error, but we are convinced that the lesser-included offense

1. D.C.Code 1967, § 22–3102.

2. D.C.Code 1967, § 22–1211.

3. 18 U.S.C. § 659.

4. D.C.Code 1967, § 22–1211.

rule was properly applied. See Kelly v. United States, 125 U.S.App.D.C. 205, 370 F.2d 227 (1966), cert. denied, 388 U.S. 913, 87 S.Ct. 2127, 18 L.Ed.2d 1355 (1967).

Affirmed.