STATE OF CONNECTICUT *v.* KEITH F. BURGESS

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 10-71515

Argued September 8—decided November 7, 1969

*Sidney Axelrod,* of Groton, for the appellant (defendant).

*Morris H. Globerman,* assistant prosecuting attorney, and *John J. Kelly,* assistant chief prosecuting attorney, for the appellee (state).

JACOBS, J. Following a jury trial, the defendant was convicted of the offense of speeding in violation of § 14-219 (a) of the General Statutes. The finding discloses that the "core of the defense" was that the car which passed through the radar field was not that of the defendant; on the other hand, the state's claim was that "it was his [defendant's] car and his car alone that was in that zone at [the] time and was traveling at seventy-three miles an hour." The verdict of guilty imports that the jury found that issue adversely to the defendant's claim.

We cannot and do not review the assignment of error in which complaint is made that the assistant prosecuting attorney, in his argument to the jury, made certain remarks prejudicial to the defendant. No transcript of these remarks has been made available for review by this court. "This court can decide the merits of an appeal only on the record as it is presented." *State* v. *Keating,* 151 Conn. 592, 595. The appeal record in this case affords us no opportunity under our procedure to consider the claimed error which the defendant seeks to raise. See *Wooster* v. *Wm. C. A. Fischer Plumbing & Heating Co.,* 153 Conn. 700, 703. An assignment of error directed to the assistant prosecutor's remarks to the jury, where the remarks objected to are not preserved in the record, or any attempt made to have the portion of the remarks objected to made a portion of the record, cannot be considered on appeal. 4 Am. Jur. 2d 973, n.9, Appeal and Error, § 541, n.9. On the present state of the record, we are unable to make assured examination of this claim on the

merits. We are, therefore, in no position to pass upon the propriety of the assistant prosecutor's remarks to the jury.

The only other question raised on the appeal concerns the denial of the defendant's request that the jury be instructed that they could acquit him of the offense of speeding but still convict him of the lesser included offense of failing to comply with state traffic commission signals, signs or markings.[1] Counsel concedes that he "has been unable to find any cases in which this issue has ever been raised in the past." The burden is on the defendant on appeal to show error by cogent argument and citation of authorities, not by suggested avenues of investigation by this court. We have been furnished with no citation of authorities applying the doctrine of lesser included offenses to motor vehicle infractions.[2] We no not feel called upon to search the records and the authorities to establish error. We are not obliged to perform the duty resting upon counsel. "If questions involved in a case are of sufficient importance to justify this court in deciding them they are worthy of the careful consideration of counsel presenting them." *Hooper* v. *Fox,* 364 Ill. 613, 614. Errors assigned and causes for new trial not so treated are deemed to have been waived.

---

[1] General Statutes § 14-314 provides: "Any person, firm or corporation failing to comply with any traffic control signal, sign, marking or other device placed and maintained upon the highway . . . by the state traffic commission or the traffic authority . . . shall be fined not more than fifty dollars, if no other penalty is provided by law."

[2] In this case, the court sentenced the defendant to pay a fine of $30. In discussing the outer limits of the doctrine of lesser included offenses, a commentator said: "Perhaps the most satisfactory solution to the problem is to leave a broad discretion in the trial court to refuse instructions on a lesser offense relatively petty in nature, or for which a relatively light penalty is provided." Comment, "Jury Instructions on Lesser Included Offenses," 57 Nw. U.L. Rev. 62, 74.

5 C.J.S. 343, n.73, Appeal and Error, § 1325; 5 Am. Jur. 2d, Appeal and Error, § 700. Mere naked statements, unsupported by citation of authorities, constitute inadequate briefing and merit no consideration.

There is no error.

In this opinion DiCenzo and Casale, Js., concurred.