STATE OF CONNECTICUT *v.* WILFREDO S. VEGA

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, Js.

Argued June 14—decided June 26, 1972

*Edmund J. Ramos,* and *Theodore Krieger* of the New York bar, for the appellant (defendant).

*Donald A. Browne,* assistant state's attorney, with whom, on the brief, was *Joseph T. Gormley, Jr.,* state's attorney, for the appellee (state).

SHAPIRO, J.  The defendant was convicted by a jury of the crime of manslaughter in violation of § 53-13 of the General Statutes.  In this appeal from the judgment rendered on that verdict, he pursues two assignments of error.  See Maltbie, Conn. App. Proc. § 327.

In his first assignment of error, the defendant relies on *Simmons* v. *United States,* 390 U.S. 377, 88 S. Ct. 967, 19 L. Ed. 2d 1247, in support of his claim that the trial court erred in allowing testimony given by the defendant at a pretrial hearing on a motion to suppress evidence on constitutional grounds to be utilized to impeach his testimony at the trial.  During its cross-examination of the defendant, the state had endeavored to impeach his credibility by establishing inconsistencies between his direct testimony at the trial and that which he had given pursuant to his unsuccessful motion to suppress.

In the *Simmons* case, the codefendant Garrett

had filed a pretrial motion to suppress as evidence a particular suitcase and its contents which were in the possession of the state, and in support thereof he offered testimony at the suppression hearing admitting ownership of the suitcase in order to establish his standing. That testimony was thereafter presented at his trial by the state as part of its case on the issue of guilt. The United States Supreme Court observed that Garrett thus was obligated either to give up what he believed to be a valid fourth amendment claim or, in legal effect, to waive his fifth amendment privilege against self-incrimination. "In these circumstances, we find it intolerable that one constitutional right should have to be surrendered in order to assert another. We therefore hold that when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial *on the issue of guilt* [emphasis added] unless he makes no objection." *Simmons* v. *United States,* supra, 394.

The language of the United States Supreme Court in *Simmons* clearly limits the holding to that factual situation where the earlier motion testimony is offered as substantive evidence to convict. Quite clearly the evidence in the case at bar was admitted not on the issue of guilt but merely as prior inconsistent statements for the limited purpose of impeaching the credibility of the defendant as a witness.[1]

It is elementary that a defendant who elects to testify in his own behalf is subject to cross-examination and impeachment just as is any wit-

[1] We observe also that the defendant never presented proper objections to the introduction of the evidence as required by *Simmons* v. *United States,* 390 U.S. 377, 88 S. Ct. 967, 19 L. Ed. 2d 1247.

ness. *McGautha* v. *California,* 402 U.S. 183, 215, 91 S. Ct. 1454, 28 L. Ed. 2d 711; *Grunewald* v. *United States,* 353 U.S. 391, 420, 77 S. Ct. 963, 1 L. Ed. 2d 931; *Raffel* v. *United States,* 271 U.S. 494, 46 S. Ct. 566, 70 L. Ed. 1054; *Sharp* v. *United States,* 410 F.2d 969, 970 (5th Cir.); *State* v. *Keating,* 151 Conn. 592, 597, 200 A.2d 724, cert. denied, sub nom. *Joseph* v. *Connecticut,* 379 U.S. 963, 85 S. Ct. 654, 13 L. Ed. 2d 557; *State* v. *Reid,* 146 Conn. 227, 232, 149 A.2d 698; *State* v. *Walters,* 145 Conn. 60, 66, 138 A.2d 786, cert. denied, 358 U.S. 46, 79 S. Ct. 70, 3 L. Ed. 2d 45. "[I]t is proper to attack a witness' credibility by evidence of his materially inconsistent statements. *State* v. *Walters,* 145 Conn. 60, 66, 138 A.2d 786." *State* v. *Keating,* supra.

Testimony under oath voluntarily given by an accused at a hearing to suppress evidence may be used to impeach later contrary statements. *Sharp* v. *United States,* supra, 971; *Bailey* v. *United States,* 389 F.2d 305, 311 (D.C. Cir.); *Gordon* v. *United States,* 383 F.2d 936, 941 (D.C. Cir.) (Burger, Circuit Judge); *Woody* v. *United States,* 379 F.2d 130, 132 (D.C. Cir.), cert. denied, 389 U.S. 961, 88 S. Ct. 342, 19 L. Ed. 2d 371 (Burger, Circuit Judge); *Humphrey* v. *United States,* 236 A.2d 438, 439 (D.C. App.); see also *United States* v. *Budzanoski,* 331 F. Sup. 1201, 1205 (W.D. Pa.). "Every criminal defendant is privileged to testify in his own defense, or to refuse to do so. But that privilege cannot be construed to include the right to commit perjury. . . . Having voluntarily taken the stand, petitioner was under an obligation to speak truthfully and accurately, and the prosecution here did no more than to utilize the traditional truth-testing devices of the adversary process." *Harris* v. *New York,* 401

U.S. 222, 225, 91 S. Ct. 643, 28 L. Ed. 2d 1; see also *Walder* v. *United States,* 347 U.S. 62, 65, 74 S. Ct. 354, 98 L. Ed. 503. The shield provided by the *Simmons* rule cannot be perverted into a license to use perjury by way of a defense, free from all risk of confrontation with prior inconsistent utterances. The plaintiff's credibility was appropriately impeached by use of his earlier conflicting statements.

The defendant's other assignment of error relates to some remarks which the defendant asserts the assistant state's attorney made in his summation to the jury. The arguments were not transcribed. We can decide the merits of an appeal only on the record presented. *Wooster* v. *Wm. C. A. Fischer Plumbing & Heating Co.,* 153 Conn. 700, 703, 220 A.2d 449. We cannot pass on the court's exercise of its broad discretion on this issue since there is absent a finding disclosing the import of the allegedly improper remarks and furnishing a basis for determining whether any harmful effect could or did result. We, therefore, have no available basis for determining what the improper remarks were, or what their effect was on the verdict reached or whether the court exercised its discretion unreasonably or wisely. *State* v. *Murphy,* 124 Conn. 554, 567, 1 A.2d 274; *Munson* v. *Atwood,* 108 Conn. 285, 291, 142 A. 737; Maltbie, Conn. App. Proc. § 69; see *State* v. *Reed,* 157 Conn. 464, 469, 254 A.2d 449; *Cascella* v. *Jay James Camera Shop, Inc.,* 147 Conn. 337, 343, 160 A.2d 899; *State* v. *Kemp,* 126 Conn. 60, 83, 9 A.2d 63; *State* v. *Laudano,* 74 Conn. 638, 646, 51 A. 860. The defendant has failed to present a record adequate to test the exercise of the court's discretion on this issue.

There is no error.

In this opinion the other judges concurred.