[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this summary process action, the plaintiff, Meriden Redevelopment Agency, seeks to recover possession of premises, known as 57-59 West Main Street, in Meriden, from its present CT Page 7615 occupant, Capital Video Corp., d/b/a, The Grove Book Store.
The revised complaint dated June 10, 1991, contains seven paragraphs of which paragraphs 1, 2, 3 and 7 were admitted by the defendant.
These paragraphs allege that on May 1, 1981, Main-Grove Realty Corporation, as owner and lessor, leased to the defendant (sic), by a written lease, the premises known as 57-59 West Main Street, in Meriden; that the lessee took possession of said premises on May 1, 1981, and by exercise of options contained in said leaser extended the period of occupancy to April 30, 1991, and is still in possession of the premises, although the time designated in a notice to quit served on the defendant had passed.
The allegations of the complaint that were put in issue were:
III. That on February 11, 1991, the aforesaid lessor transferred all of its rights and interests in the subject property to the Meriden Redevelopment Agency for a stipulated sum.
V. That the defendant's right to possession had terminated because of lapse of time, and that the plaintiff on February 28, 1991, notified the defendant of its intentions to take possession upon expiration of the aforesaid lease on April 30, 1991.
VI. That on April 18, 1991, the plaintiff caused a notice to quit to be served upon the defendant.
The defendant specifically denied the allegations in V. and left the plaintiff to its proof as to III and VI.
The defendant also filed four Special Defenses and Counterclaim in two counts.
In its First Special Defense, it is alleged that the defendant operates an adult book store on the premises; that the plaintiff's action is an impermissible governmental abridgement of the defendant's right to free speech and that plaintiff is estopped from evicting the defendant.
The Second Special Defense alleges that the sole and exclusive reason for the action taken was to wrongfully discriminate against the defendant by infringing on its rights to free speech.
The Third Special Defense alleges that the plaintiff refused to re-let, re-lease, or to re-negotiate the tenancy of the CT Page 7616 defendant; that the plaintiff seeks to replace the tenant with other businesses whose speech, or the lack thereof, is to the plaintiff's liking, and that the sole and exclusive reason for the plaintiff's action was to interfere with the free speech related to the defendant's business activities.
The Fourth Special Defense alleges the proposed eviction to be retaliatory due to the content of the protected free speech exercised by the defendant.
The counterclaim in its First Count alleges that it has operated the premises at 57-59 West Main Street as an adult book store since May 1, 1981; that the plaintiff is an agency of the City of Meriden; that after May 1, 1981, the City of Meriden promulgated "its current regulations which present the commencement of a business similar to the [defendant's] business; but, the [defendant] can continue to operate its business at its present location so long as the [defendant's] business remains at the subject premises because such use at its present location predated the current regulations."; that the plaintiff refused to re-let or re-lease to the defendant; that the plaintiff intends to lease the premises to "tenants with whose speech is to the [plaintiff's] liking" [sic]; that the plaintiff's actions were based solely and exclusively on the content of speech utilized in the defendant's business; that the plaintiff instituted these proceedings to put the defendant out of business in the Meriden business locale; that the plaintiff's actions have interfered with the defendant's right to free speech, without any compelling governmental interest; and that the plaintiff's action is unconstitutional as a restraint on dissemination and exhibition of materials presumptively protected by the First andFourteenth Amendments to the United States Constitution and Article I, Section 5 of the Connecticut Constitution.
The Second Count repeats the allegations of the First Count and further alleges that the defendant has no adequate remedy at law and will suffer irreparable harm.
The defendant seeks (1) money damages, (2) a permanent injunction enjoining the plaintiff from evicting the defendant except for non-payment of rent; (3) a declaratory judgment declaring the actions of the plaintiff to be in violation of the "articles, amendments and usages" as set forth; (4) attorney's fees: and (5) other equitable relief.
The plaintiff's reply essentially put in issue the foregoing claims.
Before addressing the presentation of evidence, the court will assume the parties tried the case on the following CT Page 7617 premises, because of lack of objection to requirement of proof thereof:
a. The defendant is the successor lessee to Pleasure Book Shops, Inc., the lessee named in the lease introduced as Exhibit B.
b. Since it was admitted that the City of Meriden is a municipal corporation chartered by the State of Connecticut and the plaintiff is an agency of the City of Meriden, the plaintiff is a redevelopment agency exercising the powers granted by Chapter 130 of the General Statutes, and that the site of the premises subject to these proceedings is located in a redevelopment area, as defined in said Chapter.
c. The premises described in the lease (Exhibit B) as 57-59 West Main Street are included in the tract of land described in the deed admitted as Exhibit A.
Fuessenich v. DiNardo, 195 Conn. 144, 151.
The court conducted a trial on all issues on July 26, 1991.
The plaintiff offered the testimony of Randall Kamerbeek, the Executive Director of the Meriden Redevelopment Agency. He testified that said Agency had acquired the property on West Main Street that includes the subject premises. The plaintiff also offered as exhibits a certified copy of a warranty deed from the Main-Grove Realty Corporation to the City of Meriden, dated February 11, 1991 (Ex. A). Said deed made reference to a map entitled "Map showing land to be acquired by the City of Meriden from the Main-Grove Realty Corporation, 57 West Main Street, Meriden, Connecticut Date January 20, 1991 Revisions April 3, 1990, November 11, 1990 Parcel" prepared by Design Development Group. The plaintiff also offered a lease from The Main-Grove Realty Corporation to Pleasure Book Shops, Inc, dated April 30, 1981 (Ex. B). Said instrument purported to grant a lease of a one-story building known as 57-59 West Main Street in Meriden. The initial term was for three years from May 1, 1981, with two option periods, one of three years, and the second of four years. Article VII of said lease provided inter alia: "The Lessee agrees that at the expiration of said term or the sooner termination of this lease, the lessee will quit and surrender the leased premises in as good state and conditions as reasonable use and wear thereof will permit. . .".
The plaintiff also introduced a letter from its attorneys to the defendant. (Ex. C). Said letter notified the defendant of the acquisition of the property containing the leased CT Page 7618 premises, and that occupancy beyond April 30, 1991, would not be permitted.
The plaintiff also introduced a copy of a notice to quit, allegedly served on the defendant on April 18, 1991. (Ex. D). Said notice ordered the defendant to quit possession on or before April 30, 1991. Three reasons were given, one of which was termination of lease by lapse of time.
Neither at trial, nor in its post-trial brief, did the defendant claim that the plaintiff had not met all of the statutory requirements to recover possession. Accordingly, unless the defendant can prevail in any of its special defenses or its counterclaim, judgment of possession must enter in accordance with47a-26d, C.G.S.
It should first be noted that in each Special Defense, the claim is based upon a purported violation of constitutionally protected right to free speech.
The plaintiff, in its post-trial memorandum, cites Ossen v. Wanat, 217 Conn. 313, for the premise that "constitutional issues are not within the scope of a statutory summary process action." (Plaintiff's Brief p. 5). In that case, the Supreme Court affirmed the Appellate Court's decision (Ossen v. Wanat,21 Conn. App. 40). "`We agree with the trial court's conclusion that the constitutional issues that the defendants attempted to raise "are far beyond the scope of the statutory action that is before the court".'" 217 Conn. 313 at 318, 319 quoting 21 Conn. App. 40
at p. 46.
The Supreme Court, in discussing the issues that may be raised in a summary process action, states at p. 318, "The fact remains that unless the tenant can prove payment of rent, the existence of a lease, one of the special defenses above, or superior title in the premises, he or she must yield possession."217 Conn. at p. 318. The special defenses referred to are (1) breach of implied warrant of habitability, and (2) retaliatory eviction, initiated by the tenant's attempt to correct substandard conditions on the premises. See, Sections 47a-4a and 47a-33, C.G.S.
It should be noted that Justice Shea disagreed with the foregoing statement, noting that in Fellows v. Martin, 217 Conn. 57, the court noted "that equitable defenses and counterclaims implicating the right to possession are available in a summary process proceeding." p. 62.
A careful reading of the Ossen decision indicates that "the constitutional issues that the defendants attempted to raise" CT Page 7619 (p. 318) were not allowed in summary process. Those issues were claims under the Due Process, Taking and Equal Protection Clauses of the United States Constitution, as well as the right of redress of the Connecticut Constitution. Whether a claim of violation of the Freedom of Speech clause might be allowed is problematical. The court also notes that a petition for certiorari has been filed with the United States Supreme Court (USSC Docket #90-1841) in the Ossen case. Accordingly, the court will review the special defenses and counterclaim to determine whether any may be considered by this court in the light of the Fellows case; notwithstanding that the right to possession is claimed on expiration and not on breach of a covenant. "If, then, the tenant's equitable claim was properly raised, it was properly before the trial court." Fellows, pp. 62, 63. The right to free speech, whether under the United States or the Connecticut Constitution has been accorded vindication by way of equitable remedies. See, e.g., Cologne v. Westfarms Associates, 192 Conn. 48,52.
The First Special Defense claims estoppel. "An essential ingredient of an estoppel is some action or detriment sustained by the party claiming estoppel in reliance on the act or statement forming the estoppel." State v. Anonymous, 30 C. Supp. 302, 303. The defendant has failed to define what act it relied on to its detriment. Nor has the issue been briefed; see State v. Burgess, 5 Conn. Cir. Ct. 617, 619, 620; and may be considered abandoned. Curry v. Planning Comm., 34 Conn. Sup. 52. No change of position by the defendant has been shown. See DelVecchio v. DelVecchio, 146 Conn. 188, 195.
In the Second Special Defense, the defendant alleges that "The sole and exclusive reason [for termination] . . . is to illegally . . . discriminate against the defendant by infringing upon its free speech rights."
At page 31 of the transcript, Mr. Kamerbeek, in response to a question of the defendant's counsel, stated that the plaintiff Agency had no policy with respect to the type of business that the defendant operates on the premises. Again, at page 35, Mr. Kamerbeek replied to another question of defendant's counsel; that it was the judgment of the Agency that the property was more salable to a prospective developer without that particular use on that piece of property. He further replied to another question of defendant's counsel that he had no knowledge of the materials sold or rented at the Grove Book Store. Again, at page 74, the witness responded to defendant's counsel that the ultimate goal of the Agency was to have the building redeveloped and that would be accomplished by selling it to a developer who would do so. He further testified, on p. 75, that the Agency had no policy to exclude sexually oriented businesses from that area CT Page 7620 of the City. Finally, on page 82, defendant's counsel asked whether the motive of the plaintiff Agency was to obtain possession of the premises because of the content or type of materials sold; and the witness answered, "No."
There is simply no direct testimony to support the claim in the Second Special Defense nor any basis upon which the court could draw an inference. See Finley v. Swirsky, 98 Conn. 666,676.
As to the Third Special Defense, the defendant claims the plaintiff failed, refused and/or neglected to re-let, re-lease or re-negotiate the defendant's tenancy. Exhibit C in evidence is a letter from counsel for the plaintiff to the defendant dated February 28, 1991 — two months before the expiration date of the lease, informing the defendant that the lease would not be renewed. At page 48 of the transcript, the representative of the defendant in cross-examination, admitted that, after receipt of the letter, the defendant never responded to plaintiff's counsel, nor to the Redevelopment Agency, nor to anyone in the City of Meriden regarding the letter. As the tenant, under a lease with the Agency, the defendant cannot now be heard to say the Agency "failed, refused and/or neglected" to re-negotiate the lease. For the same reasons, the Fourth Special Defense must fail. See LaCroix v. Board of Education, 199 Conn. 70. Although the Fourth Special Defense uses the word "retaliation", it contains no facts to bring it within the purview of General Statutes Sec. 47a-33.
"A court of equity will apply the doctrine of clean hands to a tenant seeking such equitable relief. . ." Fellows, supra, p. 67. Further, the defendant has cited no authority requiring a landlord, whether governmental or otherwise, to negotiate a new lease or extension of an existing lease. In this instance, the lease has expired, and any contract rights expire with it. Welk v. Bidwell, 136 Conn. 603, 606.
The gravamen of the delict of the plaintiff charged by the defendant is contained in Paragraphs 6, 7, 8, 9, and 10 of the counterclaim.
 "6. After May 1, 1981, the City of Meriden promulated [sic] its current regulations which prevent the commencement of a business similar to the counterclaim plaintiff's business; but, the counterclaim plaintiff can continue to operate its business at its present location so long as the counterclaim plaintiff's business remains at the subject premises because such use at its present location predated the current regulations. CT Page 7621
 7. In disregard of the counterclaim plaintiff's tenancy, the counterclaim defendant failed/refused to re-let or re-lease the premises to the counterclaim plaintiff and commenced this eviction action.
 8. The counterclaim plaintiff believes and has reason to believe that the counterclaim defendant intends to let or lease the subject premises to tenants with whose speech is to the counterclaim defendant's liking.
 9. The counterclaim defendant has acted solely and exclusively based upon the content of the speech that counterclaim plaintiff's business has conducted upon the subject premises.
 10. The counterclaim defendant instituted the pending summary process action against the counterclaim plaintiff to interfere with, to substantially restrict and to prevent such speech by putting the counterclaim defendant out of business in the Meriden business locale."
As to Paragraph 6, the regulations referred to, in the context of other evidence offered, were certain zoning regulations. Such regulations, if any, were not introduced at trial.
As to the balance of the paragraph; i.e., the claim that the defendant can continue to operate its business at the present location because the use predated such regulations, it is clear that such allegations present an issue of fact that this court is without jurisdiction to determine. It is apparent that the claim of the defendant is that as tenant at sufferance it has a valid non-conforming use. The legislature has vested the power to make such determinations in a zoning enforcement officer, with the right of appeal to a zoning board of appeals. See Section 8-6(1) of the General Statutes. See Astarita v. Liquor Control Commission, 165 Conn. 185, 189, 190. Although this issue was not raised by either party, the court has the power to raise it, sua sponte; Blake v. Baldwin Piano Organ, Co., 186 Conn. 295, 297, citing Woodmont Assn. v. Milford, 85 Conn. 517, 524. To the extent that any relief is based upon proof of such allegation, it must fail for lack of jurisdiction.[1].
As noted supra, the allegations of paragraph 7 have not been proven by defendant; in fact, the contrary is true. The CT Page 7622 defendant made no effort to continue its tenancy, and this court cannot speculate on whether the plaintiff would have considered such a request. The law does not require the doing of a futile act. Corsino v. Grover, 148 Conn. 299, 308.
Paragraph 8 is a subjective opinion of no probative value. Whatever the defendant may believe is irrelevant. As to the allegations of "tenants with whom speech is to the [plaintiff's] liking," such statement invites a comparison between the materials sold by the defendant and such others. However, there was no evidence offered by the defendant as to what materials were sold at the store. Since there was no basis for comparison, the allegation is not proven.
Paragraph 9 and 10 again depend on a finding of fact as to what was "the content of the speech" involved in the defendant's business. No evidence as to the content of such speech was ever offered by the defendant.
Absent a finding of fact as to the type, or content or character of the speech claimed by the defendant, no delict can be found against the plaintiff. Significantly, the lease sets forth no clause describing the use to which the premises would be put, except the reference to "The Grove Book Store."
The defendant has failed to establish any delict on the part of the plaintiff as to any duty owed to the defendant.
As noted supra, the defendant claims, by way of the counterclaim:
1. money damages
2. a permanent injunction restraining eviction
3. a declaratory judgment declaring that the action of the plaintiff "to be in violation of the articles, amendments and usages set forth above."
4. attorney's fees
5. other equitable relief.
As to money damages, it is noted that the claim of the defendant is based upon an alleged violation of theFirst Amendment of the United States Constitution, applicable in this instance under the Fourteenth Amendment, and Article I, Section 5
of the Connecticut Constitution. Unlike the Taking clause of theFifth Amendment of the United States Constitution, theFirst Amendment is not self-executing as to monetary relief. See United CT Page 7623 States v. Clarke, 445 U.S. 253, 257, 63 L.Ed.2d 273,100 S.Ct. 1127 (1980). A claim for money damages will lie if the plaintiff has invoked and pleaded the provisions of 42 U.S.C. § 1983, which provides for such redress for depreciation of any right, privilege or immunity secured by the Constitution. Although the defendant has cited such statute in its brief, it has not done so in any pleading, and is therefore barred from any relief thereunder. Conn. Prac. Bk. 109A.
In any event, the defendant has not established any breach of any duty owed to it by the plaintiff, which would give rise to any such claim.
Finally, a claim for money damages is not equitable relief, as may be considered under Fellows, supra. Since the only evidence of a claim for money damages offered by the defendant was the loss of a deposit on a lease of other property which was allegedly occasioned by action of the zoning enforcement officer, such a claim is not properly cognizable in this court. See discussion in Fellows, p. 61, as to scope of matters heard in a housing court, p. 62, n. 8, referring to General Statutes 47a-68
and 47a-70(b).
As to the claim for injunctive relief, this court is without jurisdiction to determine whether the defendant can in fact continue its alleged business of purveyor of sexually explicit materials, and such relief must be denied for the reasons set forth, supra; i.e., lack of subject matter jurisdiction.
For the same reason, declaratory relief must be denied, since this court cannot determine the right of the defendant to continue its business. Further, since the zoning regulations of the City of Meriden are implicated, other parties would have to be given notice or summoned. See Section 390(d), Conn. Prac. Bk.
As to attorney's fees and/or other relief, the defendant has failed to offer any evidence nor legal basis for either.
In summary, the court finds that the defendant has failed to establish the evidentiary predicate to support the claims made in the four special defenses.
As to the relief claimed in the counterclaim, the money damages claim is denied for the reasons set forth. The claims for equitable relief by way of injunction and/or declaratory judgment are denied for lack of jurisdiction. All other claims are denied for lack of support in the record.
The court finds the issues for the plaintiff on the complaint, on all four special defenses and on both of the CT Page 7624 counterclaims.
Judgment of possession may enter for the plaintiff.
Burns, J.
End Note