**Salem**

KEVIN TODD HALL

v.

COMMONWEALTH OF VIRGINIA

No. 0479-92-3

Decided July 27, 1993

COUNSEL

Michael J. Barbour (Gilmer, Sadler, Ingram, Sutherland & Hutton, on brief), for appellant.

Richard B. Smith, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**MOON, C.J.**—Kevin Todd Hall, appellant, seeks reversal of his convictions for possession of marijuana with intent to distribute and possession of pethidine and promethazine, Schedule II narcotics. He contends that the trial court erred in allowing the Commonwealth to impeach him at trial with his counsel's pleadings and assertions at the suppression hearing that appellant had a possessory interest in seized marijuana. We affirm the conviction because the trial court's ruling concerning impeachment was not an abuse of the trial judge's discretion.

On March 8, 1991, a police officer observed appellant remove a tan colored bag from the inside waist of his pants and place the bag on the ground near a tree. Moments later, he observed appellant remove objects from his sock and also place them on the ground. The officers arrested appellant and seized the bag, which contained marijuana, and the objects, two syringes.

Appellant's counsel filed a motion to suppress the seized evidence, challenging the search of the brown bag in which the marijuana was found. Appellant's motion stated that "the [appellant] further alleges that said marijuana was obtained as a result of a warrantless search of a bag and said [appellant] claims a possessory interest in said bag for the purposes of this motion and the said items contained inside said bag.'' After a hearing on the motion where defense counsel verbally reiterated appellant's possessory interest in the bag, the court denied the motion to suppress the seized evidence.

At trial, appellant denied having possessed the bag containing the marijuana. Over appellant's objection, the Commonwealth was allowed to question appellant concerning the suppression motion, including appellant's alleged possessory interest in the bag and the marijuana. Appellant's counsel in objecting stated that appellant had denied knowledge of the bag to counsel but that counsel filed the motion as a trial tactic. Comments made by appellant while the jury was deliberating indicated that the false claim of possessory interest was made with appellant's consent.[1]

■ We hold that appellant's statements made at the suppression hearing that he had a possessory interest in the narcotics may be used to impeach him at the trial.

■ The United States Supreme Court held in *Simmons v. United States*, 390 U.S. 377 (1968), that a defendant's suppression hearing testimony cannot be used against him at trial on the issue of guilt or innocence. *Id.* at 394. The Court held that a defendant must be able to invoke his Fourth Amendment rights by first establishing a possessory interest in the area searched without losing his Fifth Amendment privilege to not incriminate himself. *Id.* However, *Simmons* merely held that suppression hearing testimony could not be used at trial to establish guilt or innocence; the issue of using such testimony for *impeachment* purposes was not addressed. *Id.*

In *United States v. Salvucci*, 448 U.S. 83 (1980), the Supreme Court did not rule on whether suppression hearing testimony could be used to impeach the defendant at trial, but did state that "[t]his Court has held that the 'protective shield of *Simmons* [barring suppression testimony to be used to establish defendant's guilt at the trial in chief] is not to be converted into a license for false representations.' " *Id.* at 94 n.9.

---

[1] Appellant stated:

Your Honor, since I have denied possession of either one of the charges that I'm charged with, I had no knowledge as far as the understanding of the law what Mr. Jenkins was doing as far as that Suppression Hearing. And I feel like that since I had no knowledge of this, and since it was explained to me through Mr. Jenkins, that *this was a way to try to get the evidence throwed out.* with me denying to him that I had possessed either one of these two things. and him still going ahead and telling me that Mr. Shockley would not hold this against me when I got on the stand . . . . I feel like that I have been prejudiced towards the jury . . . . (emphasis added).

Courts in other jurisdictions have agreed that *Simmons* does not bar the use of suppression hearing testimony for impeachment purposes. *See, e.g., State v. Vega,* 306 A.2d 855, 856 (Conn. 1972); *State v. Schultz,* 448 N.W.2d 424, 427-32 (Wis. 1989), *cert. denied,* 493 U.S. 1092 (1990); *United States v. Quesada-Rosadal,* 685 F.2d 1281, 1283 (11th Cir. 1982); *State v. Bracey,* 277 S.E.2d 390, 395-96 (N.C. 1981); *Nelson v. State,* 607 S.W.2d 554, 555-56 (Tex. Crim. App. 1980); *Gray v. State,* 403 A.2d 853, 858 (Md. Ct. Spec. App. 1979); *State v. Buckley,* 557 P.2d 283, 296 (Mont. 1976).

Appellant cites *New Jersey v. Portash,* 440 U.S. 450 (1979), to support his position that suppression hearing testimony may not be used for impeachment at trial.

The facts of *Portash* are inapposite. In *Portash,* the defendant testified under a grant of immunity before a grand jury, but the trial court nonetheless allowed such testimony to be used for impeachment at the later trial. The Supreme Court held that because the defendant's immunized grand jury testimony had been required by law, its later use at trial violated the Fifth Amendment's guarantee against self-incrimination. The Court emphasized that this was not the case where the defendant was facing a difficult choice of deciding whether to utilize a pre-trial procedure or to testify at trial with the possibility of having his pre-trial testimony used to impeach him if he did so. Rather, the defendant's grand jury testimony in *Portash* was truly compelled. *Id.* at 459. Such is not the case here.

■ Next, we must decide whether the statements in the appellant's motion to suppress, drafted by appellant's counsel, and the statement made at the suppression hearing by appellant's counsel that appellant was claiming a possessory interest in the marijuana, may be attributed to appellant. We hold that such statements are attributable to appellant.

Our Supreme Court held that a defendant may be impeached in a criminal case by inconsistent statements made in pleadings filed upon his behalf by counsel in a civil case. *Asbury v. Commonwealth,* 211 Va. 101, 107, 175 S.E.2d 239, 243 (1970). Asbury was being tried for the murder of his girlfriend. His testimony concerning their relationship was impeached with pleadings filed by his counsel in Asbury's earlier divorce case. *Id.*

In *Coppola v. Commonwealth*, 220 Va. 243, 251, 257 S.E.2d 797, 802-03 (1979), *cert. denied*, 444 U.S. 1103 (1980), the Supreme Court held that when the wife of an accused makes extrajudicial statements "with the actual or constructive knowledge and with the express or tacit consent of the husband, they are admissible in evidence against him."

The *Coppola* analysis is applicable here to attribute appellant's counsel's statement to appellant. Here, appellant's counsel explained his strategy to appellant, which involved stating to the court that appellant had a possessory interest in the bag of marijuana in order to establish standing to suppress the evidence. Appellant admitted to the court that he was aware of counsel's strategy. Appellant sat silently during the suppression hearing and did not object to his counsel representing to the court that appellant had a possessory interest in the marijuana. Under the authority of *Asbury* and *Coppola*, we hold that counsel's statements are attributable to appellant because they were made "with the actual or constructive knowledge and with the express or tacit consent of the [appellant]." *Coppola* 220 Va. at 251, 257 S.E.2d at 802-03.

This is apparently a case of first impression in Virginia, but courts of other jurisdictions have held that assertions by attorneys in criminal trials may be attributed to their clients. *See, e.g., People v. Sturgis*, 317 N.E.2d 545 (Ill. Ct. App. 1974), *cert. denied*, 420 U.S. 936 (1975); *State v. Dault*, 578 P.2d 43 (Wash. Ct. App. 1978). In *Sturgis*, the defendant was charged with possession of narcotics; on counsel's instructions, defendant signed the motion to suppress to establish possessory interest. At trial, during cross-examination, the defendant stated that "he did not know the contents of the motion." Nonetheless the Illinois Supreme Court, relying on *Harris v. New York*, 401 U.S. 222 (1971), which held that a statement obtained from an accused in violation of *Miranda v. Arizona*, 384 U.S. 436 (1960), could be used to impeach his credibility if he chose to testify, rejected defendant's objection and held:

> [T]he testimony of a defendant or documents voluntarily attested to by him in conjunction with his motion to suppress evidence . . . may be used for purposes of impeachment should the defendant choose to testify at trial.

*Sturgis*, 317 N.E.2d at 596-98.

In *State v. Dault*, 578 P.2d 43 (Wash. Ct. App. 1978), the court held that the attorney's pre-trial statements made in the presence of the defendant that defendant was not at the scene of the crime "constitute[d] quasi-admissions and [were] admissible to discredit and impeach the defendants' testimony" at trial, when defendant testified that he was at the scene of the crime.

Here, at the suppression hearing, appellant's attorney stated in the presence of the appellant that "[h]e's [appellant] claiming a possessory interest. . . . [The motion to suppress] says that explicitly." We hold the statement by appellant's counsel may be attributed to appellant under these circumstances.

We do not believe our holding will discourage the assertion of a valid Fourth Amendment claim, as appellant contends. If appellant had offered truthful testimony at the suppression hearing, such testimony could not have been used at trial to establish his guilt nor would it have been used at trial to impeach, unless he perjured himself. Appellant also was still free at trial to rely upon his Fifth Amendment right not to give testimony.

If appellant did not have a possessory interest in the narcotics, he had no right to have the charges dismissed upon a constitutional claim predicated upon such interest. Likewise, at trial, appellant had no right to perjure himself to obtain an acquittal.

Appellant chose to make allegations he now claims were false. He did so at his own peril. Should we adopt appellant's theory, we would merely encourage perjury.

Accordingly, we affirm.

*Affirmed.*

Barrow, J., and Koontz, J., concurred.