216 N.J. Super. 92 (1987)
523 A.2d 212
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
ANTHONY GROSS, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 13, 1987.
Decided February 10, 1987.
*93 Before Judges PRESSLER, GAULKIN and BAIME.
Randall W. Westreich, Designated Counsel, argued the cause for appellant (Alfred A. Slocum, Public Defender, attorney).
*94 Catherine A. Foddai, Deputy Attorney General, argued the cause for respondent (W. Cary Edwards, Attorney General, attorney).
The opinion of the court was delivered by GAULKIN, J.A.D.
Defendant was found guilty by a jury of murder (First Count, N.J.S.A. 2C:11-3a(1) and (2)), possession of a handgun without having obtained the requisite permit (Second Count, N.J.S.A. 2C:39-5b) and possession of the handgun with a purpose to use it unlawfully against the person of another (Third Count, N.J.S.A. 2C:39-4a). At sentencing, the trial judge imposed a 30 year custodial term with 15 years of parole ineligibility on the First Count; he merged the Second Count conviction into the Third Count conviction, on which he imposed a consecutive 7 year custodial term with 3 1/2 years of parole ineligibility. On this appeal from the judgment, defendant urges:
POINT I.
The permitting of the State to introduce the defendant's notice of alibi and to argue to the jury that adverse inferences could be drawn from the defendant's failure to produce an alibi witness including perjury constituted error.
POINT II.
The questioning of defendant by Detective Robertson as to his name without proper Miranda warnings was unconstitutional.
POINT III.
The admission of photos of the victim causing his mother to [cry] constituted error.
POINT IV.
The failure of the court to act upon the violation of sequestration order constituted error. (Part raised below).
POINT V.
The court's admission of Sykes' statement was improper and the failure to give an appropriate instruction to the jury. (Part raised below).
POINT VI.
The court committed error in its charge to the jury. (Not raised below).
A. The charge with regard to possession of a weapon without a permit was erroneous. (Not raised below).
B. The charge with regard to proving guilt beyond a reasonable doubt was erroneous denying defendant the right to an impartial trial by jury. (Not raised below).

*95 POINT VII.
Cumulative error warrants reversal.
POINT VIII.
Defendant's conviction for possession of a weapon for an unlawful purpose merges with murder.
POINT IX.
The sentence imposed was manifestly excessive.
With respect to Point I, we are persuaded that the trial judge erred in admitting into evidence defendant's notice of alibi, which named Pamela Evans and Rhonda Evans as potential alibi witnesses. Pamela testified at trial that she was at her home with defendant from 9 to 10 p.m. on the evening of the killing. On cross-examination, she testified that her sister Rhonda was also in the five room apartment for some part of that time. But she said that she did not know whether Rhonda was in the apartment for the entire time, or what she was doing while there: "I wasn't in the same room with her." Defendant did not testify at trial and no other proofs were presented to the jury to suggest that Rhonda had any knowledge of defendant's whereabouts at the alibi time. On the State's offer, the trial judge admitted the notice of alibi, which the prosecutor later used to support an argument in summation that "maybe you didn't hear from Rhonda Evans because she didn't want to be a perjurer."
The impropriety of that use of the alibi notice is clear. Defendant was required by R. 3:11-1 to furnish the details of any alibi defense. That requirement is for discovery purposes only, "to avoid surprise at trial by the sudden introduction of a factual claim which cannot be investigated unless the trial is recessed to that end." State v. Garvin, 44 N.J. 268, 272-273 (1965). See State v. Baldwin, 47 N.J. 379, 388 (1966), cert. den. 385 U.S. 980, 87 S.Ct. 527, 17 L.Ed.2d 442 (1966). The rule "is not designed to compel a defendant to say anything" but rather "requires the specified pretrial disclosure if, but only if, the defendant plans to assert an alibi." State v. Angeleri, 51 N.J. *96 382, 384-385 (1968), cert. den. 393 U.S. 951, 89 S.Ct. 372, 21 L.Ed.2d 362 (1968).
Where, as here, a defendant does not suggest at trial that a person named in his alibi notice has any relevant information in support of the defense, the notice cannot fairly be used to imply that defendant had untruthfully made such a claim or that the person thus named would testify unfavorably to defendant if called.[1] Such a use of the alibi notice takes it far beyond its narrow purpose to allow the State to meet an alibi which the defendant presents at trial. Moreover, the inferences urged by the State are unfair, since the failure to produce the named witness may have any number of innocent explanations which cannot readily or appropriately be exposed at trial. If this use of the alibi notice were permitted, a defendant's opportunity to present his defense would be seriously restricted: if he investigates for alibi witnesses without informing the State, he may be foreclosed from presenting them at trial (R. 3:11-2), but if he names persons who later are found to be unable or unwilling to support his alibi, the jury would be permitted to draw the unwarranted inferences. Compare State v. Whitman, 429 A.2d 203, 206-208 (Me. 1981), State v. Sims, 3 Ohio App.3d 331, 445 N.E.2d 245, 248-249 (1982).
Although we thus conclude that the trial judge erred in admitting the alibi notice and the prosecutor erred in making the argument based upon that notice, we are nevertheless satisfied beyond any reasonable doubt that the errors were harmless. First, the jury did have before it the testimony of Pamela Evans that Rhonda was in another room when defendant was in the house; thus the jury did have a non-incriminatory explanation for Rhonda's absence from the trial to counter the prosecutor's improper suggestions. Second, defendant did present, in addition to Pamela Evans, the alibi testimony of *97 both his mother and his brother-in-law. Third, the State had presented six eyewitnesses to the shooting, all of whom were acquainted with defendant, all of whom placed defendant at the scene and in the immediate vicinity of the victim and two of whom saw defendant with a gun in his hand. Fourth, the victim himself identified defendant as his assailant as he ran home and again before he lapsed into unconsciousness at home. Finally, the trial judge did instruct the jury to ignore the prosecutor's comment that Rhonda Evans may not have appeared at trial because "she didn't want to be a perjurer." Given that state of the record, the errors in the use of and argument from the alibi notice clearly did not have any capacity to affect the outcome. R. 2:10-2.
With respect to Points II through IX, our careful review of the record in light of applicable law persuades us that each of the contentions there made is clearly without merit. R. 2:11-3(e)(2).
On its cross-appeal, the State contends that the trial judge improperly merged the Second Count conviction into the Third Count conviction. At oral argument, counsel for defendant acknowledged that the convictions do not merge, but argued that principles of double jeopardy render the error irremediable. We conclude, to the contrary, that there is no constitutional prohibition upon the imposition at this time of a sentence on the Second Count conviction. See N.J.S.A. 2C:1-8a. Cf. United States v. Wilson, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); State v. Barnes, 84 N.J. 362, 370-371 (1980).
Accordingly, we vacate that portion of the judgment which merges the Second Count conviction into the Third Count conviction. In all other respects the judgment is affirmed. The matter is remanded to the Law Division for sentencing on the Second Count conviction.
NOTES
[1] We need not and do not determine whether an alibi notice may be used by the State as substantive or impeachment evidence in any other setting.