COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Senior Judge Hodges
Argued at Alexandria, Virginia


CHARLES MOMODOU THOMAS, A/K/A
 MOMODOU CHARLES THOMAS
                                        OPINION BY
v.          Record No. 2787-95-4    JUDGE RICHARD S. BRAY
                                         APRIL 29, 1997
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                     Paul F. Sheridan, Judge

          Mark S. Thrash for appellant.

          Linwood T. Wells, Jr., Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Charles Momodou Thomas (defendant) was convicted by a jury

of multiple felonies arising from several armed robberies and

related offenses committed in Arlington County.  On appeal,

defendant complains that the trial court improperly permitted the

Commonwealth to impeach him through "Notice[s] of Alibi Defense,"

signed only by his counsel and filed pursuant to Rule

3A:11(c)(2).  Finding no error, we affirm the convictions.

     Prior to trial, defendant, by counsel, filed a "Notice of

Alibi Defense" with the court which represented that defendant

intended to "offer evidence" that he was at the residence of his

sister in Falls Church at the time of the alleged offenses.

Subsequently, defendant, again by counsel, lodged an "Amended

Notice of Alibi Defense," advising that he would assert an alibi

that he "was in touch . . . with his sister . . . from a public

telephone in . . . Falls Church," that she "picked him up . . . from that location" and drove him to Washington, D. C., where he "took a train . . . to New York." Neither notice was signed by defendant.

During trial, defendant testified that he was in New York the "whole day" of the crimes. When the prosecutor attempted to impeach defendant using the prior alibi notices, defense counsel objected, arguing that each set forth only "representation of counsel -- what counsel believe[d]." The trial court overruled the objection and instructed the jury, "There's a requirement in Virginia law . . . that a defendant in a criminal case who elects to put on an alibi has to give notice of what it's going to be. That written notice is a part of this file. The Commonwealth can rely upon it in cross exam." During the ensuing cross-examination, defendant acknowledged that the notices placed him in Falls Church at the time of the offenses and offered no explanation for the inconsistencies.

Following trial, defendant's counsel moved for a mistrial, arguing that use of the alibi notices "in essence . . . could make [him] a witness in the case," thereby implicating the attorney-client privilege. However, the trial judge concluded that it was "an authorized statement by an agent and an attorney," "clearly usable as a prior inconsistent statement."

In Hall v. Commonwealth, 16 Va. App. 779, 433 S.E.2d 489 (1993), we reasoned that statements of defense counsel set forth

in a written suppression motion and spoken during an attendant hearing were properly attributable to Hall, although he neither signed the motion nor testified at the hearing. We noted that Hall had "sat silently during the suppression hearing," and that the statements of his counsel were made "with [his] actual or constructive knowledge and . . . express or tacit consent." Id. at 783, 433 S.E.2d at 492 (quoting Coppola v. Commonwealth, 220 Va. 243, 251, 257 S.E.2d 797, 802-03 (1979), cert. denied, 444 U.S. 1103 (1980)); see id. at 783-84, 433 S.E.2d at 492-93.

Defendant's effort to distinguish Hall from the instant case ignores the lesson of Asbury v. Commonwealth, 211 Va. 101, 175 S.E.2d 239 (1970). In Asbury, the accused acknowledged on cross-examination that he had previously provided information to an attorney incidental to the preparation of a pleading in an unrelated civil proceeding, but denied reading the pleading or otherwise vouching for its contents. See id. at 106-07, 175 S.E.2d at 242-43. Nevertheless, the Court concluded that Asbury could be impeached in a later criminal prosecution by prior inconsistent statements found in the civil filing. See id.; see also Taylor v. Illinois, 484 U.S. 400, 418 (1988) ("In responding to discovery, the client has a duty to be candid and forthcoming with the lawyer, and when the lawyer responds, he or she speaks for the client."); Browder v. Southern Ry. Co., 107 Va. 10, 12-13, 57 S.E. 572, 573 (1907) ("[A]bandoned or superseded pleadings . . . may be introduced in cross-examination to impeach

the plaintiff," even if he did not read or execute them, "in the absence of evidence that the pleading was unauthorized.").

Here, the alibi notices were specifically related to the pending criminal prosecution and filed in that cause by defendant's counsel pursuant to Rule 3A:11(c), which, inter alia, permits the court to require that the accused disclose an intention to offer alibi evidence, including "the place at which he claims to have been at the time of the commission of the alleged offense," whenever discovery is ordered from the Commonwealth. Permitting a defendant to later disavow such declarations with impunity would at once visit an injustice upon the Commonwealth and countenance a subversion of the Rules governing discovery in criminal proceedings.

On review, we are guided by the principle that "[t]he admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). Defendant in this instance was responsible for the content of his alibi notices, testified differently, and had the opportunity to explain on either cross or redirect examination the inconsistencies in his several statements. Under such circumstances, we cannot conclude that the trial court abused its discretion in allowing the Commonwealth to use the notices for purposes of impeachment.[1]

_____

[1] Because this record does not disclose a violation of the attorney-client privilege, we decline to address this issue and

- 4 -

Accordingly, we affirm the convictions.

                                   <u>Affirmed.</u>

---

attendant implications of Code § 19.2-268.1.