# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Christopher U. Thasoonthorn

## February 20, 2001

## Case No. (Criminal) 98740

BY JUDGE ARTHUR B. VIEREGG

On January 16, 2001, defendant Christopher U. Thasoonthorn was indicted for aggravated maiming. Mr. Thasoonthorn thereafter filed a motion (1) requiring the Commonwealth to furnish him discovery pursuant to Rule 3A:11(b)(1) and (2); but (2) relieving him from the correlative duty to furnish the Commonwealth notice of an alibi defense pursuant to Rule 3A:11(c)(2). He maintains that Rule 3A:11(c)(2)'s notice of alibi requirement violates rights guaranteed him by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. At the end of the hearing, I took Mr. Thasoonthorn's motion under advisement. I am now prepared to rule as to its merits.

### *Defendant's Due Process Clause Argument*

Mr. Thasoonthorn argues that Rule 3A:11(c)(2) requires him to disclose his alibi defense before trial. Because the Virginia criminal discovery scheme places no reciprocal discovery duties on the Commonwealth, he contends Rule 3A:11(c)(2) violates the Due Process Clause of the Fourteenth Amendment

as explicated by the United States Supreme Court in *Wardius v. Oregon*, 412 U.S. 470, 37 L. Ed. 2d 82, 93 S. Ct. 2208 (1973).

Pursuant to Rule 3A:11(b)(1) and (2), a criminal defendant is permitted to seek and obtain limited pretrial discovery, essentially the defendant's recorded and unrecorded statements; the results of enumerated scientific tests; and the inspection of certain physical evidence. However, Rule 3A:11(c)(2) provides:

> If the court grants relief sought by the accused under clause (ii) of subparagraph (b)(1) or under subparagraph (b)(2) of this Rule, *it shall*, upon motion of the Commonwealth, condition its order by requiring that:
> (2) the accused disclose whether he intends to introduce evidence to establish an alibi and, if so, that the accused disclose the place at which he claims to have been at the time of the commission of the alleged offense.

(Emphasis added.)

In *Williams v. Florida*, 399 U.S. 78, 26 L. Ed. 2d 446, 90 S. Ct. 1893 (1970), the Court addressed whether Florida's notice-of-alibi rule violated the Due Process Clause of the Fourteenth Amendment. Justice White described Florida's pretrial criminal discovery scheme:

> That rule is in essence a requirement that a defendant submit to a limited form of pretrial discovery by the State whenever he intends to rely at trial on the defense of alibi. In exchange for the defendant's disclosure of the witnesses [the defendant] proposes to use to establish that defense, the State in turn is required to notify the defendant of any witnesses it proposes to offer in rebuttal to that defense.

*Id.* at 80. Finding that the Florida rules afforded a criminal defendant reciprocal discovery related to a disclosed alibi defense, the Court held the Florida notice-of-alibi requirement did not violate a defendant's rights guaranteed by the Due Process Clause.

In *Wardius v. Oregon*, 412 U.S. 470, 37 L. Ed. 2d 82, 93 S. Ct. 2208 (1973), the United States Supreme Court returned to the subject of notice-of-alibi rules. Writing for seven other justices,[1] Justice Marshall observed that in

---
[1] Justices Burger and Douglas concurred in the result.

upholding the notice-of-alibi rule in *Williams*, the Court had "emphasized that the constitutionality of such rules might depend on 'whether the defendant enjoys reciprocal discovery against the State'." 412 U.S. at 471 (citing *Williams*, 399 U.S. at 82). The Court reversed an Oregon trial court's refusal to permit a defendant to present testimony in support of his alibi defense, because the defendant had failed to give notice to the State of either his alibi, the place or places he contended he had been at the time of crime, or the identification of witnesses who would testify to his alibi evidence. All such information was required by Oregon's notice-of-alibi statute. The Oregon criminal discovery statute however, unlike the Florida rule in *Williams*, afforded a criminal defendant no reciprocal discovery. The Oregon statute did not authorize even bills of particulars. *Wardius*, 412 U.S. at 475.

Justice Marshall wrote: "We hold that the Due Process Clause of the Fourteenth Amendment forbids the enforcement of [notice-of-alibi rules] unless reciprocal discovery rights are given to criminal defendants." 412 U.S. at 472.

The critical question here then is whether Virginia's pretrial criminal discovery scheme affords a defendant reciprocal discovery related to an alibi defense. If not, this Court may not enforce Rule 3A:11(c)(2).

The Virginia notice-of-discovery rule differs from the state discovery requirements dealt with in *Williams* and *Wardius*. In addition to the notice of the alibi defense itself, Rule 3A:11(c)(2) only requires a defendant to notify the Commonwealth of the *place* the defendant contends he was at the time of the crime he is accused to have committed. Significantly, it does not require a defendant to disclose the identity of alibi witnesses. To withstand Due Process Clause scrutiny, therefore, the Virginia discovery scheme need merely ensure that a defendant is apprised of the place and time of the alleged crime. (An indictment must generally apprise the defendant of the date and the county where the crime was committed. Va. Code § 19.2-220. However, although Rule 3A:11 does not expressly mandate that the time and place of a crime be provided by the Commonwealth in all cases, it is generally obtained pursuant to Rule 3A:11(b)(1) and (2).)

Furthermore, the Code of Virginia, upon motion for bill of particulars, requires a Virginia circuit court to afford a criminal defendant such information. Va. Code § 19.2-230. Such a motion for bill of particulars as to place and time may be made up to fourteen days prior to trial. *Id.* While a bill of particulars is discretionary, the denial of such information in the face of an alibi defense, if known, would generally constitute reversible error in the face of an alibi defense. In *Commonwealth v. Sims*, 28 Va. App. 611, 507 S.E.2d 648 (1998), the Court of Appeals found a trial court erred by denying a

defendant's motion to particularize the time of the alleged offense. Although found to be harmless error, the case did not involve an alibi. *Id.* Where the time and place of a crime would be necessary for a defendant to frame, and pursuant to rule 3A:11(c)(2), to disclose an alibi, it is difficult to envision a circuit court denying such a bill of particulars if the time and place of the offense were known by the Commonwealth. Further, such discovery is arguably required by *Brady v. Maryland*, 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963), since it is necessary for a defendant to assess a possible alibi defense.

Thus, the Virginia pretrial scheme does afford a criminal defendant an avenue for obtaining what amounts to reciprocal discovery. Virginia's Rule 3A:11(c)(2) therefore complies with a criminal defendant's Due Process rights. Here, perhaps for tactical reasons, Mr. Thasoonthorn has not pursued a bill of particulars as to the time and place of the alleged crime. Especially, under these circumstances, Mr. Thasoonthorn's Due Process Clause argument must at this time be rejected.

### *Violation of the Defendant's Fifth Amendment Right Against Self-Incrimination*

Mr. Thasoonthorn next contends that Virginia's notice-of-alibi rule violates his Fifth Amendment Right Against Self-Incrimination. The crux of his Fifth Amendment argument is that Rule 3A:11(c)(2) compels Mr. Thasoonthorn to incriminate himself if he wishes to pursue an alibi defense at trial.

It first must be observed that in *Williams*, discussed above, Justice White specifically held that notice-of-alibi statutes do not contravene the Fifth Amendment Right Against Self-Incrimination. "*We conclude, however, as has apparently every other court that has considered the issue that the privilege against self-incrimination is not violated by a requirement that the defendant give notice of an alibi defense and disclose his alibi witnesses.*" 399 U.S. at 83 (emphasis added). He reasoned:

> The defendant in a criminal trial is frequently forced to testify himself and to call other witnesses in an effort to reduce the risk of conviction. When he presents his witnesses, he must reveal their identity and submit them to cross-examination which in itself may prove incriminating or which may furnish the State with leads to incriminating rebuttal evidence. That the defendant faces such a dilemma demanding a choice between complete silence and

presenting a defense has never been thought an invasion of the privilege against compelled self-incrimination. The pressures generated by the State's evidence may be severe but they do not vitiate the defendant's choice to present an alibi defense and witnesses to prove it, even though the attempted defense ends in catastrophe for the defendant. *However "testimonial" or "incriminating" the alibi defense proves to be, it cannot be considered "compelled" within the meaning of the Fifth and Fourteenth Amendments.*

*Id.* at 84 (emphasis added). Justice White further observed that a notice-of-alibi rule merely advances when an alibi defense must be announced, and stressed that "nothing in the Fifth Amendment privilege entitles a defendant as a matter of constitutional right to await the end of the State's case before announcing the nature of his defense, any more than it entitles him to await the jury's verdict on the State's case-in-chief before deciding whether or not to take the stand himself." 399 U.S. at 85.

In the face of *Williams*, Mr. Thasoonthorn nevertheless contends that he is compelled to choose between self-incrimination and an alibi, because his pretrial notice-of-alibi may be used for impeachment purposes should he take the stand and provide testimony inconsistent with his alibi notice or its accompanying facts (presumably his pretrial statement of his whereabouts). This argument, however, is a variation of the argument presented by the accused in *Williams* and dispensed with by Justice White in the language quoted above. *Id.* And Justice White made plain, "We decline to hold that the privilege against compulsory self-incrimination guarantees the defendant the right to surprise the [prosecution] with an alibi defense." Nor is possible impeachment an exception to the plain logic of *Williams. See Thomas v. Commonwealth*, 24 Va. App. 614, 484 S.E.2d 607 (1997); *Hall v. Commonwealth*, 16 Va. App. 779, 784, 433 S.E.2d 489 (1993) (holding that a defense attorney's statement of fact advanced on behalf of the defendant to suppress evidence before trial may be used to impeach defendant at trial although defendant retained the right to remain silent). Furthermore, because an alibi defense is merely a possibility until the defendant takes the stand at trial and elects to testify to it or elects to adduce other evidence in support of it; because such impeachment arises in response to the affirmative election of the defendant; and because after presenting alibi evidence, the defendant may explain why his testimony may not jibe with his earlier notice-of-alibi, *Thomas*, 24 Va. App. at 617, I conclude a defendant is not *compelled* to testify

against himself in the event he is required to comply with the Rule 3A:11(c)(2) notice of alibi.

Finally, moreover, the dilemma advanced by Mr. Thasoonthorn is, at best, conjectural. As the Court of Appeals made plain in *Thomas*, even the admission at trial of his alibi notice is within the sound discretion of the trial judge. *Id.* Then, if it is shown that admission of the alibi notice would violate the defendant's Fifth Amendment rights against self-incrimination, the trial judge may exclude the notice's introduction.

The Fifth Amendment argument advanced is also rejected.

### Defendant's Sixth Amendment Right to Present Evidence Argument

Mr. Thasoonthorn's Sixth Amendment argument is essentially this. He advances the evident proposition that alibi testimony at trial constitutes a defense; that if he seeks and receives discovery from the Commonwealth pursuant to Rule 3A:11(b)(1) and (2), and should he fail to give notice of an alibi defense, he *may* be precluded from advancing that defense. *Stotler v. Commonwealth*, 2 Va. App. 481, 484, 346 S.E.2d 39 (1986). Thus, he argues, the preclusion of such a defense would constitute a violation of his Sixth Amendment right to present evidence. *Washington v. Texas*, 388 U.S. 14, 19, 18 L. Ed. 2d 1019, 87 S. Ct. 1920 (1967) (denial of right to subpoena witnesses and present their evidence constitutes violation of the Sixth Amendment Compulsory Clause).

The United States Supreme Court has recognized that a court's exclusion of a trial witness on account of a perceived discovery abuse conceivably may constitute a violation of a defendant's Sixth Amendment right to offer testimony. *Taylor v. Illinois*, 484 U.S. 400, 409, 98 L. Ed. 2d 798, 108 S. Ct. 646 (1988). However, in *Taylor*, the Court emphasized that a defendant's implied right to offer testimony implied by the Sixth Amendment's Compulsory Service Clause, unlike other Sixth Amendment rights:

is dependent entirely upon the defendant's initiative. Most other Sixth Amendment rights arise automatically on the initiation of the adversary process and no action by the defendant is necessary to make them active in his or her case. While those rights shield the defendant from possible prosecutorial abuses, the right to call the presence and present the testimony of witnesses provides the defendant with a sword that may be employed to rebut the prosecution's case. . . .

The principle that undergirds the defendant's right to present exculpatory evidence is also the source of essential limitations on that right. The adversary process could not function effectively without adherence to rules of procedure that govern the orderly presentation of facts and arguments to provide each party with a fair opportunity to assemble and submit evidence to contradict or explain the opponent's case. The trial process would be a shambles if either party had an absolute right to control the time and content of his witnesses' testimony. . . . The State's interest in the orderly conduct of a criminal trial is sufficient to justify the imposition and enforcement of firm, though not always inflexible, rules relating to the identification and presentation of evidence.

*Id.* at 410-13. The Court in *Taylor* upheld the trial court's exclusion of the testimony of a witness identified on the morning of trial in the context of discovery rules requiring each side to identify witnesses. *Id.* Although a trial court's imposition of such a sanction on account of a defendant's failure to identify an alibi pursuant to criminal rules of procedure (otherwise comporting with the Due Process Clause) conceivably could constitute a violation of a defendant's Sixth Amendment rights, logic dictates that such an argument almost always would require a decision after the alibi defense was advanced. To afford this defendant such relief at this stage of these proceedings would make a mockery of the procedural rules adopted to afford both sides a fair trial in a criminal case especially, as here, when an alibi has not been disclosed and may simply be a hypothesis. Should Mr. Thasoonthorn elect to require the Commonwealth to afford discovery pursuant to Rule 3A:11 and should he elect to violate the rule by failing to disclose an alibi witness, he may muster arguments to persuade a court that the exclusion of such an undisclosed witness would constitute a violation of his Sixth Amendment rights.

Accordingly, *Garrity v. New Jersey*, 385 U.S. 493, 496, 17 L. Ed. 2d 562, 87 S. Ct. 616 (1967), the source of Mr. Thasoonthorn's colorful analogy that Rule 3A:11(c)(2) has, from a constitutional standpoint, impermissibly trapped him between a rock and a whirlpool would seem in most cases to be unavailing and in this case to be premature. In *Garrity v. New Jersey*, 385 U.S. 493, 17 L. Ed. 2d 562, 87 S. Ct. 616 (1967), the United States Supreme Court held that a police policy subjecting a police officer taking the Fifth Amendment to termination violated an accused officer's *Fifth Amendment* right against self-incrimination. Mr. Thasoonthorn's Sixth Amendment argument as a basis for relieving him from disclosing an alibi before trial is also rejected.

*Conclusion*

For the foregoing reasons, Mr. Thasoonthorn's motion to be relieved of the notice-of-alibi requirements of Rule 3A:11(c)(2) is denied.