COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Annunziata
Argued by teleconference


DWAYNE STUART McCARTER

                                             OPINION BY
v.    Record No. 1020-01-4      JUDGE ROSEMARIE ANNUNZIATA
                                            JULY 23, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY
                  Jean Harrison Clements, Judge

          Michael M. Palmer (The Palmer Law Office, on
          brief), for appellant.

          Virginia B. Theisen, Assistant Attorney
          General (Randolph A. Beales, Attorney
          General, on brief), for appellee.


     A jury convicted Dwayne S. McCarter of burglary, grand

larceny of firearms, two counts of grand larceny, and possession

of a firearm by a convicted felon.  The court sentenced McCarter

in accordance with the jury's verdict, ordering that several of

the sentences run concurrently so that the active sentence

totaled twenty years and six months in prison.

     McCarter appeals his convictions on the ground that the

trial court erred in admitting into evidence his Notice of Alibi

Defense.  For the reasons that follow, we disagree and affirm

his convictions.

## Background

On appeal, we state the evidence in the light most favorable to the Commonwealth, the party prevailing below. In accordance with Rule 3A:11(c)(2), McCarter filed a Notice of Alibi Defense.  The notice indicated that at the time of the offense he was traveling to and from, and working at, the home of Mandy Druckenbrod in Maryland and, that upon completion of his work at Druckenbrod's home, he returned to his home in Amissville, Virginia.  At trial, however, McCarter's wife, called as a witness by the defendant, testified that she and her husband spent the entire day in question at home.

With the stated purpose of contradicting that testimony, the Commonwealth offered into evidence McCarter's Notice of Alibi Defense.  The defendant objected on the grounds that McCarter did not testify and that the prosecutor could not impeach the witness, who had become his witness.  The trial court overruled the objection and admitted the notice as substantive evidence in the case, as well as to impeach the witness' testimony.

## Analysis

McCarter claims that the trial court erred in admitting his Notice of Alibi Defense into evidence to impeach the witness. Specifically, he argues that our rule permitting the introduction of the defendant's notice of alibi as impeachment evidence is inapposite because he did not testify.  See Thomas

-

<u>v. Commonwealth</u>, 24 Va. App. 614, 617, 484 S.E.2d 607, 609 (1997).  Although we agree that the rule in <u>Thomas</u> is inapplicable, it does not follow that the notice was inadmissible.

In <u>Thomas</u>, we affirmed the trial court's ruling that the Commonwealth could use a defendant's notice of alibi to impeach the defendant.  24 Va. App. at 617, 484 S.E.2d at 609.  Because the defendant "testified differently, and had the opportunity to explain on either cross or redirect examination the inconsistencies in his several statements," we concluded that his notice of alibi was admissible as a prior inconsistent statement.  <u>Id.</u>

In this case, the Commonwealth sought to use the defendant's notice of alibi to impeach the defendant's witness by contradiction.  Because the notice in <u>Thomas</u> was offered as the witness' prior inconsistent statement, it is not applicable on the issue before us.[1]  Rather, the rules of evidence

---

[1] McCarter also argues that decisions in two of our sister states support his theory that a Notice of Alibi Defense is inadmissible when the defendant does not testify.  <u>See</u> <u>State v. Lumumba</u>, 601 A.2d 1178 (N.J. Super. Ct. App. Div. 1992) (reversing conviction because, <u>inter alia</u>, the trial court erred in permitting the prosecution to refer to the defendant's notice of alibi); <u>People v. Shannon</u>, 276 N.W.2d 546 (Mich. Ct. App. 1976) (reversing conviction because prosecutor referred to defendant's failure to call an alibi witness).  McCarter's reliance on these cases is misplaced.

In <u>Lumumba</u>, the prosecution referred to the defendant's notice of alibi and his failure to call witnesses listed therein to demonstrate that the defendant's alibi was not true.  The court relied on <u>State v. Gross</u>, 523 A.2d 212, 214 (N.J. Super.

-

pertaining to impeachment by contradiction govern our determination in this case.

Evidence is admissible if it is relevant to an issue in the case and is not precluded by a specific rule. Peacock Buick v. Durkin, 221 Va. 1133, 1136, 277 S.E.2d 225, 227 (1981). When a witness takes the stand, she puts her credibility at issue in the case. See Smith v. Commonwealth, 212 Va. 675, 676, 187 S.E.2d 191, 192 (1972). Thus, the opposing party may impeach the witness by "draw[ing] into question the accuracy of the witness's perception, recordation, recollection, narration, or sincerity." Strong, 1 McCormick on Evidence, § 33 n.5, at 123 (5th ed. 1999) (citations omitted). "Any evidence which would tend to convince the jury that the witness's perception, memory,

<hr />

Ct. App. Div. 1987), which held that such implications "are unfair, since the failure to produce the named witness may have any number of innocent explanations which cannot readily or appropriately be exposed at trial." Similarly, the Michigan Court of Appeals reversed the defendant's conviction because the prosecutor unfairly prejudiced the defendant by improperly commenting on his "failure to produce an alibi witness" referenced in his notice of alibi. Shannon, 276 N.W.2d at 548. Like the court in Lumumba, the Michigan court reasoned that the prosecutor's comment was unfairly prejudicial to the defendant as it permitted the jury to draw an impermissible inference of guilt, which the defendant's decision did not warrant. Id.

In this case, the Commonwealth did not refer to the defendant's failure to call his proposed alibi witnesses or his failure to present his intended alibi; rather, the prosecutor offered the notice of alibi for the purpose of contradicting the testimony of the defendant's witness. The notice, therefore, was relevant to the witness' credibility and accuracy. Neither sister court held, as McCarter contends, that the prosecutor can never mention a defendant's notice of alibi when the defendant does not take the stand. The cases, therefore, are not pertinent to the issue before us.

-

or narration is defective or that his or her veracity is questionable is relevant for purposes of impeachment."  Friend, Law of Evidence in Virginia, § 4-1, at 101 (5th ed. 1993) (citing 3A Wigmore, Evidence § 874 et seq. (Chadbourn rev. 1970)); see also Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993) (noting that evidence is relevant if "it has any logical tendency, however slight, to establish a fact at issue in the case").

A party may impeach a witness through a variety of methods, including contradiction.  See Jones v. Ford, 263 Va. 237, 258, 559 S.E.2d 592, 603 (2002) ("Contradiction can be a form of impeachment . . . ."); Friend, supra, §§ 4-1, at 103, and 4-9, at 136; Sinclair, Virginia Evidentiary Foundations, § 5.3 (1998) ("Proving the opposite of what a witness has testified to is a form of impeachment."); Strong, supra, § 45 (describing impeachment by specific contradiction); see also United States v. Perez-Perez, 72 F.3d 224, 227 (1st Cir. 1995) (recognizing impeachment by contradiction).  To impeach a witness by contradiction, the opposing party introduces "extrinsic evidence" to show that the witness' testimony may not be accurate.[2]  Friend, supra, § 4-9, at 136.  In the usual case,

_____

[2] Contradiction should not be confused with prior inconsistent statements.  While both are methods of impeachment and, thus, place in doubt the accuracy and/or the veracity of the witness' testimony, the latter does so through evidence produced by that witness, while the former may involve any

-

contradiction is accomplished through the testimony of a subsequent witness who testifies to facts contrary to the first witness; the law, however, imposes no such restriction.  See Jones, 263 Va. at 258, 559 S.E.2d at 603 (holding that plaintiff may impeach defendant's witness with contradictory depositions); Strong, supra, § 45 (explaining that specific statements by a witness may be contradicted in "several ways," including the same witness' later testimony, the testimony of another witness, and judicial notice of contradictory facts); Sinclair, supra, § 5.3 (describing contradiction of one witness' testimony through another witness).

McCarter's statement, his notice of alibi, "squarely contradicts" his witness' testimony.  McCarter's wife testified that she and her husband spent the entire day in question at home in Amissville, Virginia.  McCarter stated in his Notice of Alibi Defense that he was in Maryland working at Mandy Druckenbrod's home on that day.  Although the contradiction between the notice and the witness' testimony does not prove that the witness lacked credibility, "[t]he [defendant's] contradictory [statement in his notice of alibi] places in doubt . . . at least the accuracy of [his wife's] testimony . . . and leaves the jury with the task of weighing the [statements] of each to determine which[, if either,] will be believed."

---

admissible evidence that contradicts the witness' testimony. See Friend, supra, §§ 4-5, 4-9.

-

Friend, supra, § 4-9, at 136; see also Epperly v. Commonwealth, 224 Va. 214, 230, 294 S.E.2d 882, 891 (1982) ("Every fact, however remote or insignificant, that tends to establish the probability or improbability of a fact in issue, is admissible."); Wynn v. Commonwealth, 5 Va. App. 283, 291, 362 S.E.2d 193, 198 (1987). Accordingly, the notice was relevant to impeach the witness, the purpose for which it was offered.

McCarter also argues that the Commonwealth could not impeach Mrs. McCarter with his Notice of Alibi Defense because: 1) the witness had become the prosecution's witness and the prosecution may not impeach its own witness; and 2) the notice constituted inadmissible hearsay. We find no merit in either of these contentions.

First, assuming without deciding that McCarter's wife became the Commonwealth's witness on cross-examination, the rule against impeaching one's own witness is inapplicable in this context. See Washington and O.D. Ry. v. Jackson's Admr., 117 Va. 636, 639, 85 S.E. 496, 497 (1915) ("[I]t is very clear that one producing a witness may prove the truth of material facts by any other competent evidence, even though the effect of such [evidence] is to directly contradict his own witness."); Friend, supra, at 136 (noting that where extrinsic evidence is introduced to show that the witness' testimony was not accurate, the rule against impeaching one's own witness does not apply).

-

Second, the alibi statement is not excluded by the hearsay rule because it was the defendant's admission. "Any statement by a party to the proceedings, including an out-of-court statement by a defendant in a criminal case, is admissible as an exception to the hearsay rule when offered against that party." Alatishe v. Commonwealth, 12 Va. App. 376, 378, 404 S.E.2d 81, 82 (1991) (citing E. Cleary, McCormick on Evidence, § 262 (3d ed. 1984); Fed. R. Evidence § 801(d)(2)); accord Land v. Commonwealth, 211 Va. 223, 176 S.E.2d 586 (1970). Party admissions are admissible regardless of whether they are inculpatory or incriminating when made, id. (citing C. Friend, The Law of Evidence in Virginia, Hearsay §§ 252-53 (3d ed. 1988)), or whether the party testifies. See, e.g., Quintana v. Commonwealth, 224 Va. 127, 148, 295 S.E.2d 643, 654 (1982) (upholding admission of defendant's out-of-court statements under the party admissions exception to the hearsay rule where defendant did not testify). Because, McCarter's Notice of Alibi Defense may be properly considered his statement, it cannot be excluded on hearsay grounds. See Thomas, 24 Va. App. at 616-17, 484 S.E.2d at 608-09 (concluding that statements within defendant's alibi notice should be treated as his declarations); Asbury v. Commonwealth, 211 Va. 101, 107, 175 S.E.2d 239, 243 (1970) (considering pleading as defendant's statement because it was filed with his authority and upon information furnished by him (citing Browder v. Southern Ry. Co., 107 Va. 10, 57 S.E. 573

-

(1907))); Hall v. Commonwealth, 16 Va. App. 779, 783, 433 S.E.2d 489, 492 (1993) (holding that statements in suppression motion were properly attributable to the defendant).

In short, because the notice was relevant to the witness' credibility and not excludable on the grounds raised at trial, the trial court did not abuse its discretion by admitting it into evidence.  See Peacock Buick, 221 Va. at 1136, 277 S.E.2d at 227 (noting that relevant evidence is admissible unless a specific rule, which the defendant raised at trial, precludes its admission); Bottoms v. Commonwealth, 22 Va. App. 378, 384, 470 S.E.2d 153, 156 (1996) ("The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.").  Accordingly, we affirm McCarter's convictions.

Affirmed.