COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Kelsey, McCullough and Senior Judge Clements
Argued at Chesapeake, Virginia


FRANCE ARTHUR BROKENBERRY

                                            MEMORANDUM OPINION[*] BY
v.        Record No. 2195-11-1               JUDGE JEAN HARRISON CLEMENTS
                                                  OCTOBER 2, 2012

COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                    William H. Shaw, III, Judge

        Kimberly Enderson Hensley, Assistant Public Defender, for
        appellant.

        Craig W. Stallard, Assistant Attorney General (Kenneth T.
        Cuccinelli, II, Attorney General, on brief), for appellee.


        France Arthur Brokenberry, appellant, appeals his conviction for taking indecent liberties

with a minor while maintaining a custodial relationship in violation of Code § 18.2-370.1.  On

appeal, he contends the trial court erred by denying his motion for the appointment of an expert

witness in the field of sleep disorders.  Finding no error in the trial court's decision, we affirm

appellant's conviction.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

At the time of the incident, the victim and her mother resided with appellant, the boyfriend of the victim's mother. The victim testified that when she was fourteen or fifteen years old, appellant and her mother began to have relationship problems. The victim stated that she and appellant had a conversation one day when her mother was not home. Appellant told the victim he was considering leaving and moving to another location. The victim testified that she asked appellant if there was anything she could do to make him stay and appellant responded, "Have sex with me."

The victim stated that she left the residence for about four hours and when she returned appellant was in his bed. The victim testified that she got into the bed with appellant, "got on top of him," and had sexual intercourse with appellant because she did not want him to leave. The victim also testified that she believed appellant provided financial support for her and her mother. On cross-examination, the victim acknowledged that appellant could have been asleep when she entered his bed.

Appellant testified at the trial and denied that he asked the victim to have sex with him or had a conversation with the victim about having sex with him. He stated that on the date of the incident, he took medications and "had been drinking" and he went to sleep. Appellant testified that when he awoke, the victim was on top of him and they were engaged in sexual intercourse. He stated he asked her what she was doing, and he told her, "This is wrong." The victim then left the bedroom.

Appellant requested the trial court to appoint an expert witness in the field of sleep disorders.[1]  Appellant proffered that the expert witness would testify that it is possible to engage in complex behaviors, including sexual intercourse, while in an unconscious state such as being asleep. Appellant also represented to the trial court that he did not deny the sexual intercourse took place, but his defense was that it occurred without his knowledge or consent after he had consumed alcohol and medications and was awakened during the act of sexual intercourse.

The trial court denied appellant's request for the appointment an expert witness, and appellant appealed that decision to this Court.

ANALYSIS

Appellant was charged with violating Code § 18.2-370.1(A)(v), which states in pertinent part:

> Any person 18 years of age or older who . . . maintains a custodial or supervisory relationship over a child under the age of 18 . . . who, with lascivious intent, knowingly and intentionally . . . proposes to the child that the child engage in sexual intercourse, sodomy or fondling of sexual or genital parts with another person . . . shall be guilty of a Class 6 felony.

Thus, appellant was charged with proposing to the victim that she engage in sexual intercourse.  Appellant was not charged with actually engaging in sexual intercourse with the victim.  Accordingly, the proffered expert witness testimony that appellant was asleep during a portion of the act of sexual intercourse and that he did not intend at that time to have sexual intercourse with the victim, was irrelevant to the charged offense.  The evidence did not tend to disprove that appellant proposed to have sexual intercourse with the victim, the matter at issue in the case.  "Evidence is relevant if it has any logical tendency to prove an issue in a case."  Goins

---

[1] Judge Louis R. Lerner entered an order denying appellant's pre-trial motion for the appointment of the expert witness.  Judge William H. Shaw, III presided over the trial, entered the final conviction order, and denied appellant's renewed motion for the appointment of an expert witness.

v. Commonwealth, 251 Va. 442, 461-62, 470 S.E.2d 114, 127 (1996). "Evidence which bears upon and is pertinent to matters in issue, and which tends to prove the offense, is relevant and should be admitted. However, evidence of collateral facts and facts incapable of supporting an inference on the issue presented are irrelevant and cannot be accepted in evidence." Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986).

Because the proffered expert witness testimony was irrelevant to any issue at trial, appellant failed to meet the threshold requirements for the appointment of an expert witness to assist a defendant. In Dowdy v. Commonwealth, 278 Va. 577, 592, 686 S.E.2d 710, 718 (2009), the Supreme Court of Virginia stated "'an indigent defendant who seeks the appointment of an expert witness, at the Commonwealth's expense, must demonstrate that the subject which necessitates the assistance of the expert is "likely to be a significant factor in his defense," and that he will be prejudiced by the lack of expert assistance.'" Id. (quoting Husske v. Commonwealth, 252 Va. 203, 211-12, 476 S.E.2d 920, 925 (1996)). Evidence that appellant could have been asleep during part of the actual sexual act was not "likely to be a significant factor" in his defense of the charge of proposing that the victim engage in sexual intercourse with him.

Appellant also asserts that the expert witness evidence would have attacked the victim's credibility "by explaining or countering her claims about appellant's participation in sexual intercourse" through the expert witness' proffered testimony "that it was possible for appellant to have been asleep when the intercourse occurred."

"[T]the opposing party may impeach [a] witness by 'drawing into question the accuracy of the witness's perception, recordation, recollection, narration, or sincerity.'" Pearce v. Commonwealth, 53 Va. App. 113, 120, 669 S.E.2d 384, 388 (2008) (quoting McCarter v. Commonwealth, 38 Va. App. 502, 506, 566 S.E.2d 868, 869-70 (2002)). The victim acknowledged

that appellant could have been asleep when she got into his bed. Therefore, the proffered evidence did not impeach the testimony of the victim because it did not draw into question the accuracy of the victim's narration. "The sole purpose of impeachment evidence is to persuade the [fact finder] that the witness is not worthy of belief . . . ." Charles E. Friend, The Law of Evidence in Virginia § 12-1 (7th ed. 2012).

Furthermore, "[a]n expert witness may not express an opinion as to the veracity of a witness because such testimony improperly invades the province of the [fact finder] to determine the reliability of a witness." Pritchett v. Commonwealth, 263 Va. 182, 187, 557 S.E.2d 205, 208 (2002). Expert testimony is admissible if the area of expertise to which the expert will testify is not within the range of the common experience of the fact finder. Id. at 186-87, 557 S.E.2d at 208; cf. Jackson v. Commonwealth, 266 Va. 423, 438, 587 S.E.2d 532, 544 (2003) (expert witness may testify "to a witness's or defendant's mental disorder and the hypothetical effect of that disorder" in determining whether a confession is reliable); Johnson v. Commonwealth, 259 Va. 654, 679-80, 529 S.E.2d 769, 783-84 (2000) (expert witness testified regarding DNA analysis evidence); Hetmeyer v. Commonwealth, 19 Va. App. 103, 109-10, 448 S.E.2d 894, 898-99 (1994) (expert witness testimony is admissible regarding a dog's reaction to the odor of narcotics when supported by a proper foundation); Clements v. Clements, 10 Va. App. 580, 397 S.E.2d 257 (1990) (expert witnesses testified regarding valuation of a pension).

> However, expert testimony concerning matters of common knowledge or matters as to which the [fact finder is] as competent to form an opinion as the witness is inadmissible. Where the facts and circumstances shown in evidence are such that men of ordinary intelligence are capable of comprehending them, forming an intelligent opinion about them, and drawing their own conclusions therefrom, the opinion of an expert based upon such facts and circumstances is inadmissible.

Coppola v. Commonwealth, 220 Va. 243, 252, 257 S.E.2d 797, 803-04 (1979).

It is well settled that "questions of credibility . . . are for the [fact finder]." Crane v. Kentucky, 476 U.S. 683, 689 (1986). The victim's credibility was a matter for the trial court to determine and was not an appropriate area for expert testimony.[2]

For the foregoing reasons, the trial court did not abuse its discretion in denying the request for the appointment of the sleeping disorder expert witness. See Brown v. Corbin, 244 Va. 528, 531, 423 S.E.2d 176, 178 (1992) ("The admission of expert testimony is committed to the sound discretion of the trial judge.").

Accordingly, we affirm the trial court's decision and appellant's conviction.

Affirmed.

---

[2] We do not suggest that a request for an expert witness may be appropriate where an issue involves factual credibility.